UNITED STATED DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JUDGE RAKOFF

- - - - - - - - - - - - - - - - - - - - - - - - - - X

EDWIN DE LA ROSA,

07 CV 11223

           Plaintiff,

<u>COMPLAINT</u>   ECF Case

    -against-

Trial by Jury Demanded

THE CITY OF NEW YORK and
JOHNNY DIAZ,



           Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - X

    Plaintiff, by his attorneys Sivin & Miller, LLP, complaining of defendants, alleges as follows, upon information and belief:

### THE PARTIES AND JURISDICTION

    1.   That at all times herein mentioned, plaintiff was and is a citizen of the State of New York.

    2.   That at all times herein mentioned, defendants were and are citizens of the State of New York

    3.   That this Court has jurisdiction over this action in that the action arises under 42 USC § 1983.

    4.   That at all time herein mentioned, defendant The City of New York (hereinafter "the City") was and is a municipal corporation, organized and existing under and by virtue of the laws of the State of New York.

5. That prior to the institution of this action and within ninety (90) days from the date when the causes of action accrued herein, a notice of claim and intention to sue was duly served upon and filed with the City on behalf of plaintiff; that this action was not commenced until the expiration of thirty (30) days after such notice of claim and intention to sue was presented and the City has neglected and/or refused to make adjustment or payment thereon, and this action is being commenced within one year and ninety days after the causes of action accrued herein.

6. That at all times herein mentioned, the City operated, controlled and maintained a police force known as the New York Police Department (hereinafter "the NYPD").

7. That at all times herein mention, Johnny Diaz (hereinafter "Diaz") was and is a police officer employed by the NYPD.

8. That at all times herein mentioned, Diaz was acting within the course and scope of his employment with the NYPD.

9. That at all times herein mentioned, Diaz was acting under color of state law.

10. That all of the causes of action pleaded herein fall within one or more of the exceptions set forth in New York's Civil Practice Law & Rules § 1602 with respect to joint and several liability.

## FIRST CAUSE OF ACTION AGAINST BOTH DEFENDANTS
### (Assault and Battery)

11.   Plaintiff repeats and realleges each and every allegation contained above as though fully set forth at length herein.

12.   That on or about October 13, 2007, in the County of New York, City and State of New York, the City, its agents, servants and/or employees, including Diaz and other NYPD officers, assaulted and battered plaintiff.

13.   That by reason of the aforesaid assault and battery, plaintiff sustained personal injuries, endured pain and suffering and a loss of enjoyment of life, and suffered economic loss, all to his damage in the amount of Two Million ($2,000,000) Dollars.

## SECOND CAUSE OF ACTION AGAINST DIAZ
### (42 USC § 1983 Arising from Assault and Battery)

14.   Plaintiff repeats and realleges each and every allegation contained above as though fully set forth at length herein.

15.   That by reason of the aforesaid assault and battery, plaintiff was deprived of his rights, privileges and immunities secured by the Constitution of the United States of America and of the State of New York, and his rights pursuant to 42 USC § 1983 by those, including, Diaz, who under color of a

statute or regulation of a state, caused plaintiff to be so deprived, all to his damage in the amount of Two Million ($2,000,000) Dollars.

### THIRD CAUSE OF ACTION AGAINST BOTH DEFENDANTS
(False Arrest and Imprisonment)

16.    Plaintiff repeats and realleges each and every allegation contained above as though fully set forth at length herein.

17.    That on or about October 13, 2007, in the County of New York, City and State of New York, the City, its agents, servants and/or employees, including Diaz and other NYPD officers, wrongfully and falsely arrested, imprisoned and detained plaintiff.

18.    That the aforesaid arrest, detention and imprisonment was caused by the City, its agents servants and/or employees, including Diaz and other NYPD officers, without a warrant and without any reasonable cause or belief that plaintiff was in fact guilty of any crime.

19.    That by reason of the false arrest, imprisonment and detention, plaintiff was subjected to great indignities, humiliation and ridicule in being so detained, and was greatly injured in his credit and circumstances and was prevented and hindered from performing and transacting his necessary affairs and business, and was caused to suffer much pain in both mind and

body, and to sustain economic loss, all to his damage in the amount of Two Million ($2,000,000) dollars.

## FOURTH CAUSE OF ACTION AGAINST DIAZ
(42 USC § 1983 Arising from False Arrest and Imprisonment)

20.   Plaintiff repeats and realleges each and every allegation contained above as though fully set forth at length herein.

21.   That by reason of the aforesaid false arrest and imprisonment, plaintiff was deprived of his rights, privileges and immunities secured by the Constitution of the United States of America and of the State of New York, and his rights pursuant to 42 USC § 1983 by those, including, Diaz, who under color of a statute or regulation of a state, caused plaintiff to be so deprived, all to his damage in the amount of Two Million ($2,000,000) Dollars.

## FIFTH CAUSE OF ACTION AGAINST THE CITY
(Negligent Supervision, Training and Retention)

22.   Plaintiff repeats and realleges each and every allegation contained above as though fully set forth at length herein.

23.   That the aforesaid assault and battery and false arrest and imprisonment were the result of the negligence of the City in its supervision,

training, and retention of Diaz and of the other involved NYPD officers, all

to plaintiff's damage in the amount of Four Million ($4,000,000) Dollars.

### SIXTH CAUSE OF ACTION AGAINST THE CITY
("Monell" Claim re Negligent Supervision, Training and Retention)

24.  Plaintiff repeats and realleges each and every allegation contained

above as though fully set forth at length herein.

25.  That the City's negligent supervision, training and retention of Diaz

and the other involved NYPD officers arose to the level of deliberate

indifference to the consequences of its actions, and indifference to plaintiff's

rights, privileges and immunities secured by the Constitution of the United

States of America and of the State of New York, and his rights pursuant to

42 USC § 1983, all to his damage in the amount of Four Million

($4,000,000) Dollars.

WHEREFORE, plaintiff demands judgment against defendants,

and both of them, as follows:  On the First Cause of Action:  Two Million

($2,000,000) Dollars; On the Second Cause of Action:  Two Million

($2,000,000) Dollars;  On the Third Cause of Action:  Two Million

($2,000,000) Dollars; On the Fourth Cause of Action:  Two Million

($2,000,000) Dollars; on the Fifth Cause of Action ($4,000,000) Dollars; on

the Sixth Cause of Action ($4,000,000) Dollars; and plaintiff demands

punitive damages on all causes of action in an amount to be determined by

the trier of fact, together with attorney's fees pursuant to 42 USC § 1988,

and together with the costs and disbursements of this action.

Dated:  New York, New York
        December 13, 2007

Yours, etc.
SIVIN & MILLER, LLP

By_____

Edward Sivin (ES 7351)
Attorneys for Plaintiff
170 Broadway, Suite 600
New York, NY  10038
(212) 349-0300

Case No.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

EDWIN DE LA ROSA,

        Plaintiff,

    -against-

THE CITY OF NEW YORK and
JOHNNY DIAZ,

        Defendants.

## COMPLAINT

**SIVIN & MILLER, LLP**
Attorneys for Plaintiff
170 Broadway, Suite 600
New York, NY 10038
(212) 349-0300
FAX (212) 406-9462