UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x

EDWIN DE LA ROSA,

                          Plaintiff,

-against-

THE CITY OF NEW YORK and JOHNNY DIAZ,

                         Defendants.

**ANSWER**

Jury Trial Demanded

07 CV 112233 (JSR)

------------------------------------------------------------------- x

       Defendants City of New York and Police Officer Johnny Diaz, by their attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, for their answer to the complaint, respectfully allege, upon information and belief, as follows:

       1.     Deny knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "1" of the complaint.

       2.     Deny the allegations set forth in paragraph "2" of the complaint, except admit that Police Officer Diaz is a citizen of the State of New York.

       3.     Deny the allegations set forth in paragraph "3" of the complaint, except admit that plaintiff purports to invoke the jurisdiction of this Court as stated therein.

       4.     Admit the allegations set forth in paragraph "4" of the complaint.

       5.     Deny the allegations set forth in paragraph "5" of the complaint, except admit that a document purporting to be a Notice of Claim on plaintiff's behalf was received by the Comptroller's Office on or about October 26, 2007, that the claim has not been adjusted, and that the complaint was filed with the Court on or about December 13, 2007.

6.  Deny the allegations set forth in paragraph "6" of the complaint, except admit that the City of New York maintains a Police Department.

7.  Deny the allegations set forth in paragraph "7" of the complaint, except admit that Johnny Diaz was employed by the City of New York as a Police Officer in October 2007.

8.  Paragraph "8" of the complaint sets forth conclusions of law, rather than averments of fact, to which no response is required.

9.  Paragraph "9" of the complaint sets forth conclusions of law, rather than averments of fact, to which no response is required.

10. Deny the allegations set forth in paragraph "10" in the complaint, except admit that plaintiff purports to proceed as stated therein.

11. In response to the allegations set forth in paragraph "11" of the complaint, defendants repeat and reallege paragraphs "1" through "10" of their answer, as if fully set forth herein.

12. Deny the allegations set forth in paragraph "12" of the complaint.

13. Deny the allegations set forth in paragraph "12" of the complaint.

13. Deny the allegations set forth in paragraph "13" of the complaint.

14. In response to the allegations set forth in paragraph "14" of the complaint, defendants repeat and reallege paragraphs "1" through "13" of their answer, as if fully set forth herein.

15. Deny the allegations set forth in paragraph "15" of the complaint.

16. In response to the allegations set forth in paragraph "16" of the complaint, defendants repeat and reallege paragraphs "1" through "15" of their answer, as if fully set forth herein.

17. Deny the allegations set forth in paragraph "17" of the complaint.

18. Deny the allegations set forth in paragraph "18" of the complaint.

19. Deny the allegations set forth in paragraph "19" of the complaint.

20. In response to the allegations set forth in paragraph "20" of the complaint, defendants repeat and reallege paragraphs "1" through "19" of their answer, as if fully set forth herein.

21. Deny the allegations set forth in paragraph "21" of the complaint.

22. In response to the allegations set forth in paragraph "22" of the complaint, defendants repeat and reallege paragraphs "1" through "21" of their answer, as if fully set forth herein.

23. Deny the allegations set forth in paragraph "23" of the complaint.

24. In response to the allegations set forth in paragraph "24" of the complaint, defendants repeat and reallege paragraphs "1" through "23" of their answer, as if fully set forth herein.

25. Deny the allegations set forth in paragraph "25" of the complaint.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE:

26. The complaint fails to state a claim upon which relief can be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE:

27. Defendants have not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof, or any act of Congress providing for the protection of civil rights.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE:

28. Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct or the culpable or negligent conduct of other parties for whom the City of New York is not responsible, and was not the proximate result of any act of the defendants.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:

29. Plaintiff may have failed to comply, in whole or in part, with conditions precedent to suit under state law.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

30. Plaintiff provoked any incident.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

31. The actions of any police officers involved, including Police Officer Diaz, were justified by probable cause and/or reasonable suspicion.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE:

32. Defendant Diaz has not violated any clearly established constitutional right of which a reasonable person would have known and, therefore, is protected by qualified immunity from liability.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE:

33. At all times relevant to the acts alleged in the complaint, defendant Officer Diaz acted reasonably in the proper and lawful exercise of his discretion.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE:

34. Punitive damages cannot be recovered as against the City of New York.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE:

35.   At all times relevant to the incident, defendant City and its employees and officials acted reasonably and in the proper and lawful exercise of their discretion. As such, defendant City is entitled to governmental immunity.

## AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE:

36.   To the extent the complaint alleges claims against the City of New York under state law, such claims are barred by the doctrine of immunity from judgmental errors in the exercise of governmental functions.

## AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE:

37.   There was probable cause for plaintiff's arrest and prosecution.

## AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE:

38.   Plaintiff's claims may be barred in part by the applicable statute of limitations period.

**WHEREFORE**, defendants City of New York and Police Officer Diaz, request judgment dismissing the complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated:    New York, New York
          February 8, 2008

                            MICHAEL A. CARDOZO
                            Corporation Counsel of the
                              City of New York
                            Attorney for Defendants City of New York and
                            Police Officer Diaz
                            New York, New York 10007
                            (212) 788-0976

By: _____
        Johana Castro (JC 1809)
        Assistant Corporation Counsel

TO:   Edward Sivin, Esq. (By ECF and mail)
      Sivin & Miller, LLP
      Attorney for Plaintiff
      170 Broadway, Suite 600
      New York, NY 10038

Docket No. 07 CV 112233 (JSR)

| |
|---|
| UNITED STATES DISTRICT COURT<br>SOUTHERN DISTRICT OF NEW YORK |
| EDWIN DE LA ROSA,<br><br>           Plaintiff,<br><br>      -against-<br><br>THE CITY OF NEW YORK and JOHNNY DIAZ,<br><br>           Defendants. |
| **ANSWER TO THE COMPLAINT** |
| *MICHAEL A. CARDOZO*<br>*Corporation Counsel of the City of New York*<br>Attorney for Defendants City of New York and<br>Police Officer Diaz<br>*100 Church Street*<br>*New York, N.Y. 10007*<br><br>*Of Counsel: Johana Castro*<br>*Tel: (212) 788-0976* |
| *Due and timely service is hereby admitted.*<br><br>*New York, N.Y. ………………………………… ,2008*<br><br>*……………………………………………………… Esq.*<br><br>*Attorney for ……………………………………………* |